Submitted on record and briefs January 10, affirmed in part; vacated and remanded in part February 13, 2002

## STATE OF OREGON,
*Appellant,*

*v.*

## CAROL BLANEY,
*Respondent.*

990645453; A107847 (Control)

## STATE OF OREGON,
*Appellant,*

*v.*

## DRAYTON D. W. BOWLES,
*Respondent.*

990544177; A107849

## STATE OF OREGON,
*Appellant,*

*v.*

## JONATHAN K. PIERCE,
*Respondent.*

990747517; A108502

## STATE OF OREGON,
*Appellant,*

*v.*

## JOSHUA EARL BRAY,
*Respondent.*

990746632; A108503

## STATE OF OREGON,
*Appellant,*

*v.*

## ROSE DAY,
aka Laurie Ann Krogh,
*Respondent.*

990341736; A108504

STATE OF OREGON,
*Appellant,*

*v.*

ZACHARY JOHN PEDRO,
*Respondent.*

B757406; A109230

STATE OF OREGON,
*Appellant,*

*v.*

KEVIN JOHN REIMER,
aka John Kevin Hunt,
*Respondent.*

990240906; A109604

STATE OF OREGON,
*Appellant,*

*v.*

RYAN W. SNYDER,
*Respondent.*

Z431632; A109716

STATE OF OREGON,
*Appellant,*

*v.*

AARON LEE WRIGHT,
*Respondent.*

990544039; A110529
(Cases Consolidated)

39 P3d 956

Rolf C. Moan, Assistant Attorney General, filed the briefs for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Rebecca Duncan, Deputy Public Defender, filed the brief for respondents Carol Blaney, Jonathan K. Pierce, Joshua Earl Bray, Rose Day, Zachary John Pedro, Ryan W. Snyder, and Aaron Lee Wright. With her on the brief was David Groom, Public Defender.

No appearance for respondents Drayton D. W. Bowles and Kevin John Reimer.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

.

## EDMONDS, P. J.

In this consolidated appeal of pretrial orders, the state argues that the trial courts erred in ordering the suppression of urine test results showing the presence of controlled substances in the defendants' urine. The urine tests were not performed in accordance with the statutory guidelines for urine testing that were in effect at the time. ORS 813.030(4) (1997). The issue presented in each case is the same as the issue presented in *State v. Chipman*, 176 Or App 284, 31 P3d 478 (2001), and the parties agreed to rely on the record made in *Chipman* below and on appeal. We affirm some of the orders, vacate others, and remand each of the cases for trial.

■ In *Chipman*, we held that, if a defendant was not charged specifically with impairment resulting from the use of controlled substances, urine test results showing the presence of *any* controlled substances were irrelevant and therefore inadmissible. *See* ORS 813.010(2);[1] *Chipman*, 176 Or App at 289-90 & n 3; *State v. Stiles*, 165 Or App 584, 594, 998 P2d 703 (2000). The appeal of defendant Bowles presents that issue. Bowles's citation[2] refers only to "DUII" and not to controlled substances. Therefore, the test results showing the presence of controlled substances are inadmissible because they are irrelevant, and the trial court's order of suppression in that case is affirmed.

■ Defendants Bray and Pierce were initially issued citations that referred to controlled substances. The citations therefore complied with ORS 813.010(2). However, when each defendant failed to appear, each was subsequently charged by a district attorney's information with driving under the influence of intoxicants, without any mention of

---

[1] ORS 813.010(2) provides:

"A person may not be convicted of driving under the influence of intoxicants on the basis of being under the influence of a controlled substance or an inhalant unless the fact that the person was under the influence of a controlled substance or an inhalant is pleaded in the accusatory instrument and is either proved at trial or is admitted by the person through a guilty plea."

[2] Bowles was not charged by indictment or information; rather, he was issued a citation as described in ORS 133.055 *et seq.*

controlled substances. The informations became the accusatory instruments in each case. *See* ORS 131.005(1). Because the accusatory instruments did not allege impairment due to controlled substances, evidence of controlled substances from urine tests is irrelevant to the charges made in the informations. Thus, the test results in each case were properly suppressed, and we also affirm on those appeals.

■ In *Chipman*, we also held that, where the record did not contain evidence of the type of drug or drugs that had been found in the urine, we could not determine whether the trial court's exclusion of the entire test result was proper. Under ORS 813.131(4) (1997), the only drug tests that are required to be performed in accordance with the statutory protocol are those drugs specifically listed in the National Institute of Drug Abuse (NIDA) guidelines. Because the records in the cases of defendants Blaney, Pedro, Reimer, Snyder, and Wright do not show whether the type of drug or drugs involved were subject to the statutory protocol, we remand those cases for such a determination. *See Chipman*, 176 Or App at 293.

■ Finally, we held in *Chipman* that, where the record contained evidence showing which drugs had been found in a defendant's urine, the question of admissibility turned on whether those drugs were within the classes of drugs subject to the NIDA protocol. Here, the indictment against defendant Day alleges only that she was "under the influence of intoxicants, to-wit: marijuana, a controlled substance, and alcohol." Her urine test revealed the presence only of marijuana. Because marijuana is a listed drug subject to the statutory testing protocol, and the testing was not performed in accord with the protocol, the test result was properly suppressed. Consequently, we affirm.

Orders in *Bowles, Bray, Pierce,* and *Day* affirmed; orders in *Blaney, Pedro, Reimer, Snyder,* and *Wright* vacated and remanded.